CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 1 6 2009
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES L. BASSIL,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 7:08-cv-00559 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| TERRY O'BRIEN,<br>    Respondent. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

    James L. Bassil, a prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his convictions from a District of Columbia court for offenses under the laws of the District of Columbia. Petitioner alleges that flaws in his indictment and information warrant reversal of his convictions. Because petitioner challenges the validity of his conviction in a § 2241 petition, I construe the habeas petition as collaterally challenging his sentence under either 28 U.S.C. § 2255 or § 2254. See, e.g., In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (stating that motions brought under § 2241 attack the execution of a sentence).

    Collateral challenges to sentences imposed by the Superior Court of the District of Columbia must be brought in that court under D.C. Code § 23-110. See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (holding § 23-110 is the exclusive remedy for collateral review); District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1970). Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." Garris v. Lindsay, 794 F.2d 722,

726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); see Swain v. Pressley, 430 U.S. 372, 383-84 (1977) (finding that § 23-110 divests federal courts of jurisdiction over § 2254 claims without a showing that the remedy under § 23-110 is inadequate or ineffective); Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). To show that the remedy under § 23-110 is inadequate or ineffective, the inmate must show that "it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)). However, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." Saleh v. Braxton, 788 F. Supp. 1232, 1232 (D.D.C. 1992); see Blair-Bey, 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

Petitioner did not show that the remedy under D.C. Code § 23-110 was inadequate or ineffective. Therefore, I must deny his petition for a writ of habeas corpus because proceeding under § 23-110 is the exclusive remedy. Reyes v. Rios, 432 F. Supp. 2d 1, 3 (D.D.C. 2006). The proper course for petitioner to obtain relief is to mount a collateral attack in the District of Columbia Superior Court under D.C. Code § 23-110 and to name the appropriate parties therein. Accordingly, I lack subject matter jurisdiction, and I deny Bassil's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying

order to the petitioner.

**ENTER:** This 16th day of January 2009.

/s/ Jackson L. Kiser
Senior United States District Judge